IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**AUDREY V. MILLER,**

    **Plaintiff,**

**v.** // CIVIL ACTION NO. 1:12CV98
                             (Judge Keeley)

**SFF HAZELTON,**
**WARDEN JAMES CROSS,**
**ADMINISTRATOR SUSAN FOLK,**
**UNIT MANAGER LEMASTERS,**
**COUNSELOR CHRISTMAS, LT.**
**BERRIOS, and MR. A.**
**PALIOTHEODOROS**

    **Defendants.**

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 86]

Pending before the Court are the motion to dismiss or for summary judgment (dkt. no. 79) filed by the Defendants, and the report and recommendation ("R&R") (dkt. no. 86) of the Honorable Robert W. Trumble, United States Magistrate Judge. The pro se plaintiff, Audrey V. Miller ("Miller"), does not object to the R&R. For the reasons that follow, the Court **ADOPTS** the R&R, and **GRANTS** the Defendants' motion to dismiss or for summary judgment.

### I. BACKGROUND

Miller is a former federal prisoner, who, at the relevant time, was incarcerated at the Secure Female Facility Hazelton ("SFF Hazelton") in West Virginia. On March 21, 2010, an altercation occurred between Miller and another inmate, Kim Radford ("Radford"). Miller sustained several injuries, including cuts, bruises, and fractures. After an investigation, the prison staff

classified the incident as a fight between inmates. As a result, Miller was transferred from SFF Hazelton to the Federal Correctional Institution Danbury ("FCI Danbury") in Connecticut in September 2010.

Following her transfer, Miller filed two claims against the Defendants. First, she filed a claim pursuant to <u>Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971), alleging that the Defendants knew or should have known Radford posed a threat to her safety, but nevertheless placed both inmates in the same housing unit. She seeks $150,000 in damages for her injuries. Second, Miller filed a claim pursuant to the Federal Tort Claims Act ("FTCA"), which, like her <u>Bivens</u> claim, alleged that the Defendants breached their duty of care by placing Radford and her in the same housing unit. Again, she seeks $150,000 in damages.

In response, the Defendants filed a motion to dismiss or for summary judgment, along with declarations explaining that they had no knowledge of any threat posed by Radford. Miller filed an opposition brief, arguing that the Defendants' knowledge of the threat is disputed, but presenting no evidence contradicting the Defendants' declarations. In January 2015, Judge Trumble entered an R&R, concluding (A) that Miller's FTCA claim is precluded by the discretionary function exception to Congress's waiver of sovereign immunity, and (B) that Miller's <u>Bivens</u> claim fails because she did not exhaust her administrative remedies. Based on these conclusions, he recommends that the Defendants' motion be granted,

2

and that Miller's claims be dismissed. Miller does not object to Judge Trumble's conclusions and recommendation; therefore, the Court will review the R&R for clear error.[1]

## II. STANDARD OF REVIEW

The Court construes the Defendants' motion as a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). Summary judgment is appropriate where the "depositions, documents, electronically stored information, affidavits or declarations, stipulations . . ., admissions, interrogatory answers, or other materials" show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a), (c)(1)(A). When ruling on a motion for summary judgment, the Court reviews all the evidence "in the light most favorable" to the nonmoving party. Providence Square Assocs., L.L.C. v. G.D.F., Inc., 211 F.3d 846, 850 (4th Cir. 2000). The Court must avoid weighing the evidence or determining the truth and limit its inquiry solely to a determination of whether genuine issues of triable fact exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of informing the Court of the basis for the motion and of establishing the nonexistence of genuine issues of fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has made the

---

[1] "[A] party who fails to object to a magistrate's report is barred from appealing the judgment of a district court adopting the magistrate's findings." Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985).

3

necessary showing, the nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 256 (internal quotation marks and citation omitted). The "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment; the evidence must be such that a rational trier of fact could reasonably find for the nonmoving party. Id. at 248–52.

### III. DISCUSSION

**A. FTCA**

The FTCA provides a cause of action for suits against the United States alleging state law torts. "But the FTCA does not create a statutory cause of action against individual government employees." Harbury v. Hayden, 522 F.3d 413, 416 (D.C. Cir. 2008). Suits against government officers in their official capacities, and those against government agencies, are treated as suits against the government entity itself. See Kentucky v. Graham, 473 U.S. 159 (1985). Accordingly, in such suits, the defense of sovereign immunity is available unless Congress has chosen to waive it.

Under 28 U.S.C. § 1346(b), suit may be brought against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." The Supreme Court of the United States has interpreted that statute to mean that "the United States waives sovereign immunity 'under circumstances' where local law would make a 'private person' liable

4

in tort." United States v. Olson, 546 U.S. 43, 44 (2005) (emphasis in original).

Such waiver, however, has exceptions. For instance, § 2680(a) provides that § 1346(b) shall not apply to "[a]ny claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused." In applying this exception to the waiver of sovereign immunity, courts first ask whether the alleged acts or omissions involve "an element of judgment or choice." United States v. Gaubert, 499 U.S. 315, 322 (1991) (internal quotation marks and citations omitted). Even if they do, courts then ask whether the alleged acts or omissions were "based on considerations of public policy." Id. at 323 (internal quotation marks and citation omitted). Importantly, "it is the plaintiff's burden to show that . . . none of the statute's waiver exceptions apply to [her] particular claim." Welch v. United States, 409 F.3d 646, 651 (4th Cir. 2005).

As explained in the R&R, a prison official's decision about where to house inmates involves an element of judgment or choice. That is true regardless of whether the official knows or has reason to know that a particular inmate poses a threat to another inmate. Moreover, prison officials make housing decisions pursuant to policy outlined in 18 U.S.C. § 4042(a), which provides that the Bureau of Prisons shall:

> (1) have charge of the management and regulation of all Federal penal and correctional institutions;
>
> (2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States . . . ;
>
> (3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States[.]

See Gaubert, 499 U.S. at 324 ("When established governmental policy, as expressed or implied by statute, . . . allows a Government agent to exercise discretion, it must be presumed that the agent's acts are grounded in policy when exercising that discretion."). Therefore, the discretionary function exception to the FTCA's waiver of sovereign immunity applies, and Miller's claim against SFF Hazelton and its officials is barred. See also, e.g., Jacocks v. Hedrick, No. 7:04CV587, 2006 WL 2850639, at *10 (W.D. Va. Sept. 29, 2006) ("The supervisory defendants' decisions regarding assignment of Denis and Jacocks to the same housing unit and staffing of that housing unit also fall within the discretionary function exception.").

As the R&R correctly observes, a judgment on a plaintiff's FTCA claim "shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. "As such, the [C]ourt's summary judgment award on the FTCA claim[] triggers the judgment bar provision of § 2676" on Miller's Bivens claim. Unus v. Kane, 565

6

F.3d 103, 122 (4th Cir. 2009). Notwithstanding this procedural bar, the Court will review the R&R's independent analysis of the <u>Bivens</u> claim.

**B. <u>Bivens</u>**

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."[2] This requirement "applies with equal force to § 1983 and <u>Bivens</u> actions." <u>Sayre v. McBride</u>, Nos. 5:05CV16, 5:05CV131, 2007 WL 580003, at *4 (S.D.W. Va. Feb. 20, 2007) (citations omitted); <u>see also</u> <u>Zander v. Lappin</u>, 415 Fed. App'x 491 (4th Cir. 2011) (per curiam).

Miller's administrative remedy request was not timely filed. Under 28 C.F.R. § 542.14(a), "[t]he deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate form (BP-9), is 20 calendar days following the date on which the basis for the Request occurred." Here, the altercation between Miller and Radford occurred on March 21, 2010. Miller did not file an administrative remedy request until June 24, 2010 -- well beyond the twenty-day limitations period. In addition to her late filing,

---

[2] The applicability of the exhaustion requirement is determined by the claimant's prisoner status at the time the complaint is filed. <u>See</u> <u>Cofield v. Bowser</u>, 247 Fed. App'x 413, 414 (4th Cir. 2007) (per curiam). Miller filed her complaint in June 2012, and she was not released from prison until May 2013.

Miller failed to raise the prison staff's placement of Radford in her housing unit in her request. Rather, the request relates to her displeasure about being transferred to FCI Danbury.

Because the request did not raise any issues concerning her injuries from the fight or the prison staff's decision to house Radford in her housing unit, the only conclusion is that Miller failed to pursue an administrative remedy for her Bivens claim. Consequently, the claim is precluded by 42 U.S.C. § 1997e(a).[3]

### IV. CONCLUSION

The Court finds no clear error in the R&R. Therefore, for the reasons discussed, the Court **ADOPTS** the R&R, **GRANTS** the Defendants' motion to dismiss or for summary judgment, and **DISMISSES** this case **WITH PREJUDICE**.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Order to counsel of record and the pro se plaintiff, certified mail, return receipt requested, and to enter a separate judgment order.
DATED: March 9, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE

---

[3] To the extent Miller seeks damages related to her transfer to FCI Danbury, the Court concurs with the R&R that prison staff did not violate Miller's due process rights by transferring her to a different facility. See Olim v. Wakinekona, 461 U.S. 238, 245 (1983) ("[A]n inmate has no justifiable expectation that he will be incarcerated in any particular prison . . . ."); United States v. Horton, 107 F.3d 868, at *2 (4th Cir. 1997) (unpublished table decision) (rejecting the contention that prisoners have any due process interests in remaining at a particular penal institution).